IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DEBRA JACKSON o/b/o A.R.,
            Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner
of Social Security,
            Defendant.

Civil Action No. 09-3847

MEMORANDUM

August 12, 2010                                                                                         Pollak, J.

On May 10, 2010, United States Magistrate Judge Jacob P. Hart filed a Report and Recommendation ("R&R") (docket no. 10) recommending that the request for review made by Debra Jackson, on behalf of her son, A.R., in this social security appeal be denied. R&R at 12. Claimant has filed no objections to the R&R.

I.     Factual and Procedural Background

The R&R sets out the background of the case in detail. A.R was eleven years old at the time that his mother filed an application for SSI benefits. *Id.* In the application, she alleged that he had suffered from attention-deficit hyperactive disorder (ADHD) and a learning disorder since birth. *Id.* When the agency denied Jackson's disability request,

1

A.R. was fifteen years old. *Id.* Jackson then requested a *de novo* hearing before an ALJ. *Id.* The ALJ issued his decision finding that A.R. was not entitled to benefits on December 18, 2008. *Id.* at 2. The Appeals Council denied claimant's request for review. *Id.*

II.   Legal Standards

The ALJ was asked to determine whether A.R. was disabled under § 1614(a)(3)(C) of the Social Security Act.[1] The ALJ followed the three-step process outlined in 20 C.F.R. § 416.924(a) to determine whether claimant was entitled to benefits. In order to be awarded benefits, first, the claimant must be found to not be engaged in any "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the claimant must suffer an impairment or combination of impairments which are severe. 20 C.F.R. § 416.924(c). Third, the claimant's impairment "must meet, medically equal, or functionally equal in severity a listed impairment" as defined in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 416.924(d). If a child does not meet or equal a listed impairment, he can be found functionally equivalent to a listed impairment when he suffers marked limitations in two of six areas of functioning, or an extreme limitation in one of the six areas of functioning. 20 C.F.R. § 416.926a.

The ALJ determined that A.R. suffered impairments due to his ADHD and a

---

[1] An individual is disabled under § 1614(a)(3)(C) of the Social Security Act if he is under the age of eighteen and suffers from a medically determinable physical or mental impairment which results in severe and marked limitations which last continually over a time span of not less than twelve months.

learning disorder. However, he found that these impairments or combination of impairments, did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. Record at 66. The ALJ determined that A.R. has less than a marked limitation in four areas of functioning and no limitations in the remaining two areas. Record at 73. Accordingly the ALJ found that A.R. was not disabled.

Jackson asserts that the ALJ erred in failing to: (1) discuss that A.R.'s hours of special education instruction increased during eighth-grade; (2) discuss the global assessment of functioning (GAF) score awarded to A.R; (3) acknowledge the recommendation made by A.R.'s pediatrician that he receive a one-on-one aide; and (4) explain A.R.'s performance evaluation on the Brown ADD scales. R&R at 3.

III. Discussion

This court in reviewing the R&R and ALJ's decision must determine whether the Commissioner's decision is supported by substantial evidence. *Fagnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001). The Third Circuit has stated that "[s]ubstantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate." *Id.* (internal citations and quotations omitted).

Judge Hart found that the ALJ did fail to discuss some of the evidence referenced by Jackson. R&R at 12. However, Judge Hart concluded that the ALJ's errors would not have changed the Commissioner's decision, and that Jackson's motion for review should therefore be denied.

The R&R is correct that the arguments raised by Jackson, even if valid, do not show the ALJ's decision lacked substantial evidence. The increase in special education instruction was not determinative, as A.R. was found not to have a marked limitation in an area of functioning. R&R at 8. Second, "the evidence clearly fails to support a finding that A.R. had mental-health related behavioral problems to the degree indicated by a GAF score of 40." R&R at 9. As the R&R explains, Jackson's statements to the person conducting the GAF test that A.R. had been suspended five times during sixth-grade, or four times during seventh-grade, were without support. R&R at 9. Rather, A.R.'s special needs evaluation at the end of sixth-grade did not mention any behavioral issues, besides distractibility, and his IEPs for April, 2006 and for the 2007-2008 school-year did not set any behavioral goal. R&R at 9-10.

Third, the ALJ did, in fact, mention the letter written by A.R.'s treating physician, Dr. Selbst, recommending that he receive one-on-one assistance. R&R at 11. The ALJ found that the fact he did not receive such services was significant, given that "no one at his school seemed to feel he needed any behavioral assistance." R&R 11.

Finally, Jackson asserts that the ALJ erred in failing to mention the results of the Brown ADD Scale used as part of A.R.'s behavioral evaluation. The evaluation does not address the severity of his limitations. The most relevant parts of this evaluation state, "[A.R.] appears to be having some difficulty with his attending, memory, and auditory processing skills. [A.R.] will require accommodations and support in order to assist him

4

with these skills in the classroom." R&R at 11. However, another evaluation showed his problems in this domain were "obvious," but not "serious" or "very serious." R&R at 12. Judge Hart, therefore, concluded "[t]here is nothing in the Brown ADD Scales . . . which would appear to require a different result; they simply confirm that A.R. has these limitations."

The parties have not presented any objections. After reviewing the record, having given "reasoned consideration to the magistrate's report before adopting it as the decision of the court," this court approves and adopts Judge Hart's R&R. *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987).